(116 So. 666)

## UNITED STATES CAST IRON PIPE & FOUNDRY CO. v. HARTLEY. et al. (6 Div. 8.)

Supreme Court of Alabama.    March 29, 1928.

Rehearing Denied May 10, 1928.

**Master and servant ⬅376(2)—Compensation allowable for death held not subject to abatement or deduction because of contribution of pre-existing disease (Workmen's Compensation Act [Code 1923, §§ 7554–7562]).**

Under Workmen's Compensation Act (Code 1923, §§ 7554–7562), compensation allowable in death cases is not subject to abatement or deduction on account of the contribution of pre-existing disease to result; section 7561 relating to increased or prolonged disability because of pre-existing disease not applying to death.

Certiorari to Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Proceeding under the Workmen's Compensation Act by Sannie Hartley and others against the United States Cast Iron Pipe & Foundry Company to recover compensation on account of the death of an employee. Judgment awarding compensation, and the employer brings certiorari to the Circuit Court of Jefferson County (Bessemer Division). Writ denied; judgment affirmed.

London, Yancey & Brower and Frank Bainbridge, of Birmingham, for appellant.

In an action under the Workmen's Compensation Act, if it appears from the evidence that the degree or duration of disability resulting from an accident is increased or prolonged because of a pre-existing injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed. Code 1923, §§ 7561, 7596; Robinson-Pettet Co. v. Workmen's Comp. Board, 201 Ky. 719, 258 S. W. 318; B. F. Avery & Sons v. Carter, 205 Ky. 548, 266 S.

W. 50; Employer's L. A. Corp. v. Gardner, 204 Ky. 216, 263 S. W. 743.

Perry, Mims & Green, of Bessemer, for appellees.

Where an employee afflicted or predisposed to some disease receives a personal injury, and the injury aggravates or incites the disease, and accelerates it to the stage of disability, or to a final determination, and the forces which contribute each materially to produce such disability or death, are the disease and its aggravation or acceleration by the injury, the victim or his heirs are entitled to compensation, for the entire period of his disability or death. Hanson v. Dickinson, 188 Iowa, 728, 176 N. W. 823; New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360; Paramount Coal Co. v. Williams, 214 Ala. 394, 108 So. 7; Honnold on Workmen's Compensation, pp. 304–309; Schneider on Workmen's Compensation, pp. 312–320; Harper on Workmen's Compensation, p. 52; Kaisers (C. J.) Pamphlet on Workmen's Compensation Act, p. 69.

BROWN, J. This is a proceeding under the Workmen's Compensation Act (Code 1923, §§ 7534–7597) by the dependent minor children of E. N. Fisher, an employee of the defendant, who received serious burns on his feet as the result of an accident arising out of and in the course of his employment, which, according to the finding of fact and conclusion of the trial judge, proximately contributed to produce the workman's death. The finding of fact is further to the effect that prior to the injury, Fisher, whose occupation was that of a moulder, was for a period of 10 to 15 years a sufferer from nephritis, had been under treatment, and had sufficiently recovered to engage in his occupation and was at the time of the injury earning $42.14 per week. He left surviving him four minor children ranging in age from 10 to 14 years as his sole surviving dependents, who were awarded $15 a week for a period of 300 weeks. The burns were caused by a hot pot containing molten metal, heated to 2600 degree Fahrenheit, being dropped upon Fisher's feet by his helpers, two men who were carrying the pot, causing what the medical experts termed "second and third degree burns," which the evidence goes to show would have healed in eight or nine weeks "if the patient had not had nephritis."

On this showing the contention here is that the compensation allowed is excessive, and that it should be tolled or abated in the proportion that the pre-existing disease contributed to the workman's death. This contention is predicated on the provisions of section 7561 of the Code, which provides:

"If the degree or duration of *disability* resulting from an accident *is increased or prolonged* because of a pre-existing injury or infirmity, the employer shall be liable only for the *disability* that would have resulted from the accident had the earlier injury, or infirmity not existed."

It is too clear to permit of argument that this statute only applies to *disability*, not to death. Death in the sense dealt with in the Compensation Act can neither be "increased" or "prolonged."

The case of B. F. Avery & Sons v. Carter, decided by the Kentucky Court of Appeals, construing and applying the Kentucky statute, reported in 205 Ky. 548, 266 S. W. 50, cited by appellant, is not an apt authority. The provision of the Kentucky statute, there construed and applied, was:

"It [the Compensation Act] shall affect the liability of the employers subject thereto to their employees for personal *injuries* sustained by the employee by accident arising out of and in the course of his employment, or for *death* resulting from such accidental *injury;* provided, however, that personal *injury* by accident as herein defined shall not include diseases except where the disease is the natural and direct result of a traumatic injury by accident, *nor shall they include the results of a pre-existing disease.*" Kentucky Statute (Carroll) 1918, § 4880."

The ruling in Avery & Sons v. Carter is that the last clause of the statute excludes as compensable all injuries the result of pre-existing disease without regard to whether the injury produces disability or death. In the earlier case of Robinson-Pettet Co. v. Workmen's Compensation Board, 201 Ky. 719, 258 S. W. 318, that court observed that:

"Nor are the decisions of other states of any assistance because none of them have statutes similar to ours."

Dr. Schneider, dealing with the subject of pre-existing diseases, says:

"The courts, consistent with the theory of the Workmen's Compensation Acts, hold with practical uniformity that, where an employee afflicted with disease receives a personal injury under such circumstances as that he may have appealed to the act for relief on account of the injury had there been no disease involved, but the disease as it in fact exists is by the injury materially aggravated or accelerated, resulting in disability or death earlier than would have otherwise occurred, and the disability or death does not result from the disease alone, progressing naturally, as it would have done under ordinary conditions, but the injury aggravates and accelerates its progress, materially contributes to hasten its culmination in disability or death, there may be an award under the Compensation Acts." 1 Schneider on Workmen's Compensation, p. 312, § 138.

Our decisions are in accord with this view. New River Coal Co. v. Files, 215 Ala. 64, 109 So. 360.

The statute prescribes the compensation allowable in death cases, without any provision for abatement or deduction on account of the contribution of pre-existing dis-

ease to the result. Code of 1923, §§ 7554–7562.

The writ of certiorari is denied, and the judgment is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.