LUCILLE DOGGETT (WIDOW), NORMAN DOGGETT, CUMELIA DOGGETT (CHILDREN OF THE DECEASED), v. SOUTH ATLANTIC WAREHOUSE COMPANY, EMPLOYER, AND GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, CARRIER.

(Filed 15 December, 1937.)

**1. Master and Servant § 37—**

The North Carolina Workmen's Compensation Act should be liberally construed to effectuate its purpose, and compensation should not be denied by technical, narrow, or strict construction.

**2. Master and Servant § 52—**

In a hearing before the Industrial Commission, the evidence which tends to support plaintiff's claim should be considered in the light most favorable to him, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom.

**3. Master and Servant § 40b—Evidence held to support finding that disease resulted naturally and unavoidably from accident.**

The evidence before the Industrial Commission tended to show that the deceased employee, for whose death compensation was sought, had been in exceptionally good health up to the time of the accident, that he fell from a platform, breaking his leg, and lay where he fell for about half-hour, exposed to the cool weather, that he was then discovered and carried into the office, where he had to wait some two hours for medical attention. There was expert opinion testimony to the effect that the exposure was a contributing factor causing acute nephritis resulting in death, and that the accident and exposure accelerated the employee's death. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that the disease resulted naturally and unavoidably from the accident, N. C. Code, 8081 (i), subsecs. (f), (j).

**4. Master and Servant § 55d—**

The finding of fact of the Industrial Commission that the disease causing an employee's death resulted naturally and unavoidably from an accident is conclusive on appeal when supported by competent evidence.

APPEAL by defendants from *Sink, J.,* 20 September, 1937, Civil Term of GUILFORD. Affirmed.

On 2 January, 1937, application was made to the North Carolina Industrial Commission by the plaintiffs herein for a hearing in this matter; that notice of hearing was given and a hearing had at Greensboro, N. C., in Guilford County, 8 March, 1937, before Hon. J. Dewey Dorsett, Commissioner of the North Carolina Industrial Commission; that evidence was taken at said hearing. Upon the record an opinion by said Commissioner was entered containing the findings of fact, conclusions of law, and award rendered in favor of plaintiffs.

The evidence in part: Gaither Doggett was an employee of the defendant, South Atlantic Warehouse Co., as truck driver, lifting cotton or anything. He had been in their employ some 10 years. He weighed

215 pounds, fine physical appearance and had never lost any time in performing his work. He was injured on 17 September, 1936, about 7:30 p. m. while at work, slipped and fell some five or six feet from a platform and broke his leg. He lay where he fell, exposed to the weather, about half an hour and was carried into the office and stayed there about two hours—an hour waiting on the doctor, who gave him first aid—before he received medical treatment. The weather was cool and it was cold enough to wear a topcoat or overcoat. His wife testified that they had been married 18 years and had three children and he had never been sick and never lost a day from work in the 18 years. · The injury occurred on 17 September and he died on 26 November, 1936.

Dr. P. A. Shelburne testified, in part, that after giving him treatment he went home and came to his office probably once a week. One of his family said he was not getting along so well and in consequence he saw him and sent him to the hospital. Dr. Shelburne further testified that in his opinion the "accident and the exposure probably shortened the man's life," that the "injury accelerated his death." Dr. W. W. Harvey, who stated that he had studied acute nephritis extensively, declared that the "accident (was a) factor" operating as the cause of death, and that considering the accident and the exposure as the cause of the fatal acute nephritis was "a very reasonable explanation." Dr. J. F. Register stated that exposure would be a definite predisposing factor in causing acute nephritis. Dr. Fred M. Patterson gave evidence to the effect that "the exposure and the trausma could be disposing causes" to acute nephritis.

Application for review by the Full Commission was given by the defendants in apt time. Said review was held before the Full Commission on 18 June, 1937, at Raleigh, N. C. Thereafter an award by the Full Commission was entered in favor of plaintiffs. Notice of the award was given to all parties, and the award, together with the findings of fact and conclusions of law of the Full Commission were duly filed. Thereafter notice of appeal to the Superior Court for Guilford County was given by defendants to plaintiffs, through their counsel, and to the North Carolina Industrial Commission. The record in this action was certified by the secretary of the North Carolina Industrial Commission to the Superior Court of Guilford County, where it was docketed and heard before the presiding judge at the 20 September Civil Term, 1937, upon the record. The judge of the Superior Court entered a judgment finding no error in the award of the Industrial Commission and affirming the award. Defendants excepted, assigned error, and appealed to the Supreme Court.

*Brooks, McLendon & Holderness for plaintiffs.*
*Sapp & Sapp for defendants.*

CLARKSON, J.  The defendants admit: "That on and prior to 17 September, 1936, Gaither Doggett was an employee of the South Atlantic Warehouse Corporation; that on that date the employer had more than five employees and that the General Accident Fire and Life Assurance Corporation, Limited, was the carrier, and admit a weekly wage of $12.50."

The only question involved on this appeal is, Is there competent evidence to support the Industrial Commission's finding· of fact that the disease from which the deceased died resulted naturally and unavoidably from an accident which arose out of and in the course of his employment?  We think so.

N. C. Code, 1935 (Michie), sec. 8081(i) f, is as follows: " 'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

Sec. 8081(i) j: "The term 'death' as a basis for a right to compensation means only death resulting from an injury."

In *Johnson v. Hosiery Co.,* 199 N. C., 38 (40), it is said: "It is further provided in section 60 that the award of the Commission 'shall be conclusive and binding as to all questions of fact.'  However, errors of law are reviewable.  It is generally held by the courts that the various compensation acts of the Union should be liberally construed, to the end that the benefits thereof should not be denied upon technical, narrow, and strict interpretation."  *Rice v. Panel Co.,* 199 N. C., 154 (157); *Southern v. Cotton Mills Co.,* 200 N. C., 165 (169); *Aycock v. Cooper,* 202 N. C., 500 (504).  The evidence which makes for plaintiff's claim, or tends to support his cause of action, is to be taken in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.  *Southern v. Cotton Mills Co., supra; Hildebrand v. Furniture Co., ante,* 100.

"The definition of injury given in sec. 2(f) also provides that 'it shall not include a disease in any form, except where it results naturally and unavoidably from the accident.'  In applying this. (*Thompson v. Williams,* 1 N. C., Industrial Commission, 124, approved in 200 N. C., 463) . . . the Commission evinced a willingness to construe definitions liberally.  Plaintiff, a truck driver, sustained an injury to his eye while cleaning a carburetor.  The injury irritated his eye and resulted in ulcer.  Seven days after the accident the plaintiff was treated by a doctor, who gave the plaintiff some lotion to use.  He visited the doctor three times.  Then gonorrhea opthalmia showed up, which was on the thirteenth day after the accident.  As a result of the infection the plaintiff lost one eye and suffered a partial loss of use in the other

eye. Compensation was allowed. . . . This liberal construction tends to effectuate the general purpose of the Workmen's Compensation Act." 8 N. C. Law Review, 421.

The opinion of the Full Commission, in part, is as follows: "The defendants attorney insisted upon each of the doctors answering if, in their opinion, the diseased condition of the plaintiff's deceased was the result of the accident and came on naturally and unavoidably. The Full Commission is convinced that the nephritis was aggravated by the plaintiff's injury by accident and that the plaintiff's entire condition was accelerated, aggravated, or complicated by the exposure to the cool weather. The plaintiff lay exposed for approximately thirty minutes following his accident. One witness testified that it was cool enough to wear a topcoat. Dr. Harvey testified that he had examined the authorities thoroughly before testifying and that he found that exposure was a contributing cause to nephritis. He testified, in part: 'If that (accident) didn't do it, I wouldn't know any way to explain it.' The editor in 19 A. L. R., 96, says: 'It is an established rule that the fact that an employee was suffering from a diseased condition does not necessarily bar him from a right to compensation in case of injury and disability, but that an award may be had in case of disability which was proximately caused by an accident or personal injury arising out of and in the course of the employment, which accelerated or aggravated an existing disease.' On page 104 of A. L. R. we find the following citation: 'In *Pinyon Queen Min. Co. v. Industrial Commission* (1922), Utah, 204 Pac., 323, where the act provided that personal injury should "not include a disease except as it shall result from the injury," an allowance of compensation for the full term of disability was sustained, although a dormant syphilitic condition was accelerated and prolonged the period of disability.' In 28 A. L. R., 205, the editor says: 'The established rule . . . has been affirmed in a number of recent cases.' Annotations in 19 A. L. R., 95; 28 A. L. R., 204, and 60 A. L. R., 1299, citing cases from almost every state in the Union, state the following rule: 'It is an established rule that the fact that an employee was suffering from a diseased condition does not necessarily bar him from a right to compensation in case of injury and disability, but that an award may be had in case of a disability which was proximately caused by an accident or personal injury arising out of and in the course of the employment which accelerated or aggravated an existing disease.'" *U. S. Casualty Co. v. Smith,* 34 Ga. Appeals, 363, 129 S. E., 880, at p. 884; *Maryland Casualty Co. v. Brown,* 48 Ga. Appeals, 822, 173 S. E., 925; *Pruitt v. Ocean Accident and Guaranty Corp.,* 48 Ga. Appeals, 730, 173 S. E., 238; *U. S. Casualty Co. v. Matthews,* 35 Ga. Appeals, 526, 133 S. E., 875; *Winchester Milling Corp. v. Sencindiver,* 148 Va., 388, 138 S. E., 479; *Fenton v. The Ship Kelvin* (1925), 2 K. B., 473, 14 British

Ruling Cases, 487; *Rickstadt v. Dept. of Lab. and Ind.,* 180 Wash., 391, 41 Pac. (2d) 391; *Sionek v. Glen Alden Coal Co.,* 105 Pa., 189, 160 Atl., 154; *U. S. Fid. and Guar. Co. v. Maddox,* 52 Ga. Appeals, 416, 183 S. E., 570.

For instances where compensation has been allowed for disability due to nephritis and for a discussion of the causes of such disease, see *U. S. Cast Iron Pipe and Foundry Co. v. Hartley,* 217 Ala., 462, 116 Sou., 666 (burns cause of nephritis); *United Paper Board Co. v. Lewis,* 65 Ind. Ap., 356, 117 N. E., 276 (exposure cause of nephritis), and cases grouped under the A. L. R. Annotations, *supra,* and 73 A. L. R., 532.

In the case of *Schneider v. Travelers Ins. Co.* (La. App., 1937), 172 Sou., 580, where a traumatic injury to a carpenter was a contributing cause of his disability from an arthritic condition of the liver, it was held that recovery under the Compensation Act was authorized, notwithstanding that his disability was aided and aggravated by focal infection produced by tonsils, teeth and germs. In *Doherty v. Grasse Isle Twp.,* 205 Mich., 592, 172 N. W., 596, an injury to the employee's foot was a contributing cause of his death, although the immediate cause was obstruction of the bowels, and it was held that compensation was properly allowed.

It is well settled in this jurisdiction that the findings of fact of the Industrial Commission in a hearing before it are conclusive upon appeal when there is sufficient competent evidence to support the award. *Brown v. Ice Co.,* 203 N. C., 97 (100). In the present case we think there was sufficient competent evidence to support the finding of fact that the disease from which Gaither Doggett died resulted "naturally and unavoidably from the accident."

For the reasons given, the judgment is
Affirmed.