MARY LOU ADAMS, EMPLOYEE v. AVX CORPORATION, EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CARRIER

No. 151PA98

(Filed 31 December 1998)

**1. Workers' Compensation § 415 (NCI4th)— review of hearing officer's decision by full Commission—credibility of parties—cold record**

The Court of Appeals erred in a workers' compensation proceeding by holding that the full Industrial Commission's findings upon review of a hearing officer's decision was not supported by

competent evidence in the record because the Commission failed to consider that the hearing officer was better able to determine the credibility of the parties. N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission, not the hearing officer, and the Commission is not required to demonstrate that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer. To the extent that *Sanders v. Broyhill Furniture Indus.*, 124 N.C. App. 637, is inconsistent with this opinion, it is overruled.

**2. Workers' Compensation § 460 (NCI4th)— full Commission—findings of fact—supported by evidence**

A workers' compensation award by the full Industrial Commission arising from exposure to acetone and kaolin was upheld where the testimony was conflicting but there was some competent evidence in the record to support the findings of fact by the full Commission. The full Commission's findings of fact were conclusive on appeal and those findings support the conclusions of law found by the Commission and the award entered.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a per curiam, unpublished decision of the Court of Appeals, 128 N.C. App. 748, 496 S.E.2d 850 (1998), reversing an order of the Industrial Commission entered 14 October 1996. Heard in the Supreme Court 17 November 1998.

*George W. Lennon and Michael W. Ballance for plaintiff-appellant.*

*Lewis & Roberts, P.L.L.C., by Richard M. Lewis and M. Reid Acree, Jr., for defendant-appellees.*

ORR, Justice.

This case arises from proceedings before the Industrial Commission in which plaintiff alleged that she suffered an aggravation of preexisting medical conditions, pulmonary disease, and permanent and total disability as the result of an accidental exposure to chemicals, on 4 August 1992, arising out of and in the course of her employment with defendant AVX Corporation. The deputy commissioner found (1) "that an incident at work on 3 or 4 August 1992, if it occurred, did not cause plaintiff to be unable to be gainfully employed after 4 August 1992"; and (2) "that there is insufficient evidence of record from which the [deputy commissioner] can find from

the greater weight that any medical treatment plaintiff received from 3 August 1992 and continuing was made necessary as a result of the incident on 3 August 1992, if it occurred." The findings generated conclusions of law to the effect that if the incident occurred, it did not cause plaintiff any period of disability and did not make medical treatment necessary, and the deputy commissioner thus denied compensation.

Plaintiff appealed to the full Commission, which reconsidered the evidence but did not hear live testimony. The full Commission, with one commissioner dissenting, reversed the deputy commissioner and awarded compensation. Defendants then appealed to the Court of Appeals.

In a unanimous decision, the Court of Appeals stated:

In the present case, the Commission's findings are not supported by competent evidence in the record. Because the Commission's findings were made simply from a review of the cold record, the Commission, as noted by Commissioner Sellers in her dissent, should have considered that the hearing officer was better able to determine the credibility of the parties. Without competent evidence to support plaintiff's contention she suffered a work place injury, the Commission's determination is in error. Accordingly, plaintiff's contention is without merit.

Because we determine plaintiff did not suffer a work-related injury, we do not reach the remaining assignments of error.

*Adams v. AVX Corp.*, 128 N.C. App. 748, 748, 496 S.E.2d 850, 850 (1998) (per curiam). For the reasons stated herein, we reverse the Court of Appeals.

Plaintiff, who was sixty-three years old at the time of the incident in question, was employed by defendant AVX Corporation and its corporate predecessor, Corning Glass Works, for over thirty years. During that time, plaintiff performed a number of jobs, some of which exposed her to industrial chemicals. Although plaintiff's primary job was as a visual inspector of glass capacitators, sometimes when production was slow, she would work on the "exit end" of the production line unloading ceramic ware. To ensure that ceramic ware being sent through the furnace did not stick to the pallet on which it sat, it was sprayed with a blue chemical compound consisting of acetone and kaolin. Plaintiff alleges she sustained injuries arising out of the occu-

pational exposure to chemicals which resulted in chronic obstructive pulmonary disease and restrictive lung disease. According to plaintiff's statement, the accident occurred when she sprayed herself in the face as she attempted to unclog the nozzle of a malfunctioning spray gun containing the blue acetone and kaolin compound. Defendants contested both the occurrence of the work-related accident of which plaintiff complains and the alleged disability that followed.

Plaintiff testified before the deputy commissioner that she informed two fellow employees who assisted her of the accidental spraying; however, both employees denied that she told them she had suffered a work-related injury. One of the two employees, who was also trained as an emergency medical technician, testified that plaintiff complained of shortness of breath and that her blood pressure was quite high but that she never saw any bluish substance on plaintiff. Three other employees who had contact with plaintiff on the morning of the alleged accident testified that plaintiff complained of a breathing problem but said nothing of an accidental spraying or a work-related injury.

The evidence indicates that after plaintiff rested on a cot, the human-resources secretary took her to Kaiser Permanente, where she was treated, but her medical record for 4 August 1992 makes no reference to a work-related injury. Plaintiff had preexisting respiratory problems, but a nurse practitioner testified that since August 1992, plaintiff's coughing and wheezing had become chronic.

In October 1992, plaintiff was referred by Kaiser to an allergist, Dr. H. Randy Schwartz. Dr. Schwartz found no evidence of allergy but noted possible restrictive lung disease. In November 1992, Kaiser referred her to a pulmonologist, Dr. Robert Alan Durr. After conducting a pulmonary test, Dr. Durr noted that plaintiff's condition was consistent with restrictive lung disease and informed Kaiser of the possibility that chemical exposure played a role in plaintiff's development of chronic bronchitis. After plaintiff suffered a heart attack in April 1994, a second pulmonary test revealed restrictive lung disease. Dr. Durr testified that inhalation of acetone and kaolin is harmful to the lungs and can cause lung disease.

[1] Plaintiff's first argument focuses on the Court of Appeals' determination that the full Commission failed to consider that the hearing officer was better able to determine the credibility of the parties, and thus there was no competent evidence to support plaintiff's con-

tention she suffered a workplace injury. According to the Court of Appeals, that failure resulted in the Commission's findings not being supported by competent evidence in the record and mandated reversal of the Commission's award. We agree with plaintiff and therefore reverse the Court of Appeals.

N.C.G.S. § 97-85 provides in part:

> If application is made to the Commission within 15 days from the date when notice of the award shall have been given, the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award . . . .

N.C.G.S. § 97-85 (1991). We have stated that "[i]n reviewing the findings found by a deputy commissioner . . . , the Commission may review, modify, adopt, or reject the findings of fact found by the hearing commissioner." *Watkins v. City of Wilmington*, 290 N.C. 276, 280, 225 S.E.2d 577, 580 (1976).

Defendants rely on *Sanders v. Broyhill Furniture Indus.*, 124 N.C. App. 637, 478 S.E.2d 223 (1996), *disc. rev. denied*, 346 N.C. 180, 486 S.E.2d 208 (1997), where the defendant-employer appealed to the Court of Appeals after the full Commission, with one commissioner dissenting, reversed the deputy commissioner's denial of the plaintiff's claim. The Court of Appeals held that "prior to reversing the deputy commissioner's credibility findings on review of a cold record, the full Commission must . . . demonstrate in its opinion that it considered the applicability of the general rule which encourages deference to the hearing officer who is the best judge of credibility." *Id.* at 640, 478 S.E.2d at 225.

This Court has repeatedly held "that our Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction." *Hollman v. City of Raleigh*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968). Under our Workers' Compensation Act, "the Commission is the fact finding body." *Brewer v. Powers Trucking Co.*, 256 N.C. 175, 182, 123 S.E.2d 608, 613 (1962). "The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965).

Whether the full Commission conducts a hearing or reviews a cold record, N.C.G.S. § 97-85 places the ultimate fact-finding function with the Commission—not the hearing officer. It is the Commission that ultimately determines credibility, whether from a cold record or from live testimony. Consequently, in reversing the deputy commissioner's credibility findings, the full Commission is not required to demonstrate, as *Sanders* states, "that sufficient consideration was paid to the fact that credibility may be best judged by a first-hand observer of the witness when that observation was the only one." *Sanders*, 124 N.C. App. at 641, 478 S.E.2d at 226. To the extent that *Sanders* is inconsistent with this opinion, it is overruled.

[2] In addition, plaintiff argues that the findings of fact of the full Commission are supported by the evidence and are therefore conclusive on appeal. We agree.

"The findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence." *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977). Thus, on appeal, this Court "does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson*, 265 N.C. at 434, 144 S.E.2d at 274.

N.C.G.S. § 97-86 provides that "an award of the Commission upon such review, as provided in G.S. 97-85, shall be conclusive and binding as to all questions of fact." N.C.G.S. § 97-86 (1991). As we stated in *Jones v. Myrtle Desk Co.*, 264 N.C. 401, 141 S.E.2d 632 (1965), "[t]he findings of fact of the Industrial Commission are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Id.* at 402, 141 S.E.2d at 633. The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence. *Doggett v. South Atl. Warehouse Co.*, 212 N.C. 599, 194 S.E. 111 (1937).

Here, the Commission made comprehensive findings of fact that include:

14. Plaintiff's injury by accident with defendant-employer exposed her to Acetone and Kaolin chemicals which were characteristic of and peculiar to her particular trade, occupa-

ADAMS v. AVX CORP.

[349 N.C. 676 (1998)]

tion or employment and to the risk of developing chronic bronchitis.

15. As a result of plaintiff's injury by accident, pre-existing medical conditions were exacerbated, she has been unable to return to and sustain any previous employment which she has held and there is no credible evidence that competitive work is available for someone of plaintiff's age, education, background, and work experience, having her physical limitations, much less that plaintiff can obtain the same in an open and competitive labor market.

16. As a result of her injury by accident, plaintiff experiences remissions and exacerbations in her chronic pulmonary condition. She is unable to maintain regular attendance in any employment and unable to sustain full-time or competitive job duties as a result of the combination of her pre-existing and current medical conditions.

While the testimony is conflicting, there is some competent evidence in the record to support the findings of fact of the full Commission. Plaintiff's supervisor and fellow workers testified that plaintiff seemed normal before the alleged incident and that problems with the spray gun plaintiff was using at the time of the alleged incident previously had been reported. Furthermore, plaintiff was taken to the company dispensary and was driven to Kaiser Permanente for medical attention on the day of the alleged incident after complaining of shortness of breath. Because there is some competent evidence in the record to support plaintiff's claim, we hold that the full Commission's findings of fact were conclusive on appeal. We also determine that these findings of fact support the conclusions of law found by the Commission and the award entered.

For the reasons stated, the decision of the Court of Appeals holding that the Industrial Commission's 14 October 1996 order was in error is reversed, and the case is remanded to the Court of Appeals with instructions that the order of the Industrial Commission be reinstated.

REVERSED AND REMANDED.