In my view the majority has misread the record. Some of the key "facts" they have found are not sustained by the record and a fair reading of the record would inevitably lead to a conclusion different than reached by the majority. The Deputy Commissioner read the record correctly.
Paragraphs 2 through 5 of the Findings of Fact have no relevance to the conclusion reached by the majority and can only be prejudicial. These facts are relevant only if an injury by accident is found and a medical determination needs to be made as to the consequences of the injury by accident. Assuming an injury by accident, the medical evidence was to the effect that the earlier injuries had healed, the worker was able to work and the injury by accident that is the subject of this case aggravated the earlier injuries and made them disabling.
In paragraph 6 of the Findings of Fact the majority finds, "Plaintiff claimed that he backed up over a large rock, causing the bulldozer to drop three to four feet." The record does not sustain this finding. The Deputy Commissioner made the correct finding, as follows:
 On or about April 13, 1992, Plaintiff was operating a bulldozer in the course of his employment with Defendant, preparing a site for construction. The area he was working was rocky and the dozer was bouncy. As he was backing up, the dozer hit a grade change, either going over a large rock or into a depression, and dropped suddenly and steeply, landing hard and giving Plaintiff a jolt. As he was jolted, Plaintiff felt immediate pain in his back and running down his leg. Although bulldozer operation can be expected to be bumpy and rough, this sudden jolt was a significant traumatic incident, which precipitated a sudden onset of back pain, and significantly aggravated Plaintiff's prior back injury.
In paragraph 7 of the Findings of Fact the majority finds, in pertinent part: "Randy Lee Keever, plaintiff's co-worker, testified that there were no large rocks on the Marion project site at the time plaintiff was operating his bulldozer. Plaintiff was scraping topsoil and spreading dirt, and no rocks were unearthed until later in the project when the digging was much deeper."
Mr. Keever was not in a position to testify about the conditions in which plaintiff operated the bulldozer. He was only in a position to talk about conditions with respect to his scraper. He was operating one of three scrapers which were delivering dirt and rock to plaintiff so that they could be shoved into a marshy area and used as fill. He was not in a position to testify as to what the other two scrapers delivered or what dirt or rock conditions the bulldozer was in when his scraper was not near the bulldozer. Plaintiff's testimony, therefore, is only partially refuted by Mr. Keever's testimony and such refutation is extremely weak, as showed in the cross examination of Mr. Keever. Plaintiff's testimony about the ground conditions that led to his injury is otherwise unrefuted. Corroboration is provided by the fact that the muffler on the bulldozer being used had to be replaced on April 15, 1992, two days after the "jarring" episode plaintiff described, and a defense witness admitted that such a "jarring" episode could have required the muffler's replacement. Further corroboration is found in the medical evidence.
In paragraph 8 of the Findings of Fact the majority finds, in pertinent part: "Plaintiff claimed to have told Randy Keever to report to Jerry Cochran that plaintiff had hurt himself."
Plaintiff actually said:
 Well, I felt a real sudden sharp pain hit me in my low back and pain going into my right leg. I told — At that time, one of the pan operators came down. I believe it was Randy. He came down. I told him to tell Jerry Cochran, who was the foreman over there at the time — he was the grade foreman — that I'd hurt myself and that I needed him to come over and take over.
Cochran did in fact come over and take over operating the bulldozer. Someone told him to do so and at plaintiff's request. It is also undisputed that Jerry Cochran was the grade foreman on the job. The only dispute is a straw dispute constructed by defendant. Defendant maintains that Cochran was not plaintiff's foreman. Plaintiff never said he was.
All of paragraph 9 of the Findings of Fact is irrelevant. There was no duty on plaintiff to report his injury to any of the persons mentioned there.
A careful and thoughtful reading of the facts requires a different conclusion than that reached by the majority. "The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937). Although this 1937 case may appear to suffer from old age, it was given new life by our Supreme Court by citation with approval in Adams vs. AVX Corporation, ___ N.C. ___, ___ S.E.2d ___ (12/31/98).
My vote is to affirm the Opinion and Award of the Deputy Commissioner.
This 1st day of July 1999.
 S/_____________ THOMAS J. BOLCH COMMISSIONER