"The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co.,212 N.C. 599, 194 S.E. 111 (1937), cited with approval inAdams vs. AVX Corporation, N.C. Supreme Court, No. 151PA98 (31 December 1998).
The majority finds that this unrepresented worker was doing his usual job in the usual way when the injury occurred. Therefore, they say, there was no injury by accident. Viewing the evidence tending to support plaintiff's claim in the light most favorable to plaintiff, and giving plaintiff the benefit of every reasonable inference to be drawn from the evidence, however, there was an injury by accident and the worker should recover.
The injury arose when the worker was using a "cheater" bar to free a stuck strap holding down the load. The worker testified that occasionally he encounters straps that are hard to unfasten. On the particular occasion of the injury, he was putting a lot of pressure on the "cheater" bar when he felt a sting on his hand that later was diagnosed as an ulnar artery thrombosis. The encountering of the stuck strap and the use of extraordinary pressure on the "cheater" bar to unfreeze the stuck strap were an interruption of his work routine and thus the resulting injury was an injury by accident.
This encountering of stuck straps happened only occasionally and thus was not a regular part of the worker's job. "We got maybe one or two trailers that's got them kind," he testified. "Most of them works real good." He said the employer had 30 or 40 trailers with straps and of those 30 or 40, 1 or 2 have straps that require a lot of pressure to open. His testimony was that he might go 6 months before encountering one of the trailers with difficult straps.
This "once in a blue moon" occurrence is not a regular part of the work routine and whenever it is infrequently encountered is a departure from the normal routine and, under our law, constitutes an "accident."
"Our Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction,"Hollman v. City of Raleigh, 273 N.C. 240, 159 S.E.2d 874
(1968).
I respectfully dissent from the decision of the majority.
This 14th day of September, 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER