MEADOWS v. N.C. DEP'T OF TRANSP.

[353 N.C. 350 (2001)]

BARBARA D. MEADOWS v. NORTH CAROLINA DEPARTMENT
OF TRANSPORTATION

No. 516A00

(Filed 6 April 2001)

**Workers' Compensation— aggravation of preexisting foot con-
    dition—issued shoes—not condition of employment—not
    occupational disease**

The evidence supported findings by the Industrial
Commission that, although shoes issued to plaintiff driver's
license examiner as part of her uniform aggravated plaintiff's
preexisting foot condition, the shoes were not required as a con-
dition of employment because plaintiff could have requested per-
mission to wear other shoes, and the findings supported the
Commission's conclusion that the aggravation of plaintiff's pre-
existing foot condition did not constitute an occupational disease
arising out of and in the course of her employment.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a
divided panel of the Court of Appeals, 140 N.C. App. 183, 535 S.E.2d
895 (2000), reversing an opinion and award entered 4 March 1999 by
the North Carolina Industrial Commission and remanding for further
proceedings. Heard in the Supreme Court 15 March 2001.

*Kellum Law Firm, by J. Kevin Jones, for plaintiff-appellee.*

*Roy A. Cooper, Attorney General, by Sharon Patrick-Wilson and
William H. Borden, Assistant Attorneys General, for defendant-
appellant.*

PER CURIAM.

Plaintiff in this action sought workers' compensation benefits
claiming multiple foot problems as an occupational disease. A deputy
commissioner for the Industrial Commission concluded that plain-
tiff's disease was nonoccupational and, therefore, denied her work-
ers' compensation claim. On appeal, the full Commission affirmed the
opinion and award of the deputy commissioner with minor modifica-
tions. The Commission found that the shoes issued as part of plain-
tiff's uniform aggravated plaintiff's preexisting non-work-related foot
condition and that the shoes were not required as a condition of
employment, as plaintiff could have requested permission to wear

other shoes. The Commission then concluded that, as the shoes were not a requirement for employment, the aggravation of plaintiff's pre-existing foot condition was not due to causes and conditions that are characteristic of and peculiar to the employment and that plaintiff has therefore not suffered an occupational disease arising out of and in the course of the employment.

Our review of the record discloses competent evidence in the record supporting the Industrial Commission's findings of fact. Those findings of fact, in turn, support the Industrial Commission's conclusions of law. Accordingly, we reverse the opinion of the Court of Appeals. *See Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998).

REVERSED.