This is another of those cases where the majority, in my view, have forgotten the time honored mandate of the North Carolina Supreme Court that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676, 509 S.E.2d 411
(1998).
The evidence indicates the plaintiff did injure his back while in the course and scope of his employment on June 29, 1995. Plaintiff did not report this injury to his employer at that time because he had begun this job as a temporary employee and plaintiff liked his job very much. Because of the then current atmosphere in the plant where the plaintiff worked, that the plant was possibly going to receive an award for no-work-time-lost, and that this had been stressed to the employees, the plaintiff fearing the possibility of losing his job was afraid to tell his employer that he had injured himself on the job. It was the plaintiff's hope that if he did not say anything and rested and took it easy, that his injury would heal and he could return to work without potentially jeopardizing his job for having reported that he was injured while on the job. Unfortunately, plaintiff's injury turned out to be much more serious than a muscle pull and ultimately required multiple surgeries. Plaintiff subsequently reported to his employer that he did hurt himself on the job and indicated when and how it happened. This testimony was supported by a fellow employee, Ralph Graham and Plant Manager Dana Wilson. Plaintiff's testimony is also supported by the testimony of Joanne Gentry and Phyllis Holcomb.
There is no evidence to the contrary that the plaintiff injured his back in any other way other than on the job. The plaintiff delayed reporting his injury for fear of losing his job. Plant Manager Dana Wilson testified in his deposition that the company had an interest in achieving safety goals. Plaintiff testified that meetings regarding safety were held regularly at least once a week or more at the plant stressing safety and no injuries. This constant stressing of no work injuries as well as the possibility of the company receiving an award for no injuries, caused the plaintiff to feel that if he were to report that he had been injured on the job that he would cause the company not to receive the award for no injuries, and if he did such a thing on top of the fact that he had not been with the company very long, that he would be discharged from his employment from a job and company that he liked very much and a job he wanted to keep. Defendants were not prejudiced in any way by plaintiff's delay in reporting his injury and defendants have not alleged that they were prejudiced by any delay.
Upon a complete review of the evidence in the case, it becomes clear that there is more than sufficient evidence to support the Deputy Commissioner's findings of fact and conclusions of law that the plaintiff sustained a compensable injury to his back arising out of and in the course of his employment with defendant employer on June 29, 1995. The Deputy Commissioner found that the testimony of the plaintiff and of the other witnesses was credible and supported the findings of fact in the Deputy's Opinion and Award. The Opinion and Award of Deputy Commissioner Theresa B. Stephenson should have been affirmed.
The greater weight of the evidence is that the plaintiff sustained an injury to his back arising out of and in the course of employment June 29, 1995.
This 17th day of January 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER