I must respectfully dissent. In my opinion the majority is in error as plaintiff complied with the Form 24 order and announced she was ready to return to work but defendants refused her work. The majority erroneously failed to address the legal issue of whether plaintiff "ceased" any refusal to report to work.
This is another of those cases where the majority, in my view, have forgotten the time honored mandate of the North Carolina Supreme Court that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676, 509 S.E.2d 411
(1998).
In November 1997 plaintiff received a letter to return to work. She was concerned because this was the same sort of repetitive assembly line work that had caused her injury in the past. She felt she could not do the work; Dr. Lowry, her primary physician, told her she had not completed medical care and she should not return to work. She talked to her lawyer but did not contact the company directly about her concerns. After she did not report she was fired from her position. After the Form 24 was approved she, through her attorney, advised the company in April 1998 that she was willing to return. "I said I'd be willing to go back and try; but I'm in pain, I don't know how long I can stay." The company's response was they had no work for her. Far from being a constructive refusal to work, the company's actions amounted to a refusal to employ.
On April 16 counsel for plaintiff wrote to then Special Deputy Commissioner Ronnie Rowell, advising that following receipt of the Form 24 order plaintiff had through counsel advised the employer that she was ready to return to work but had been refused. Rehabilitative services, other employment, and resumption of compensation were all requested. Defendant responded on April 27, 1998 asserting again that by failing to report plaintiff had "voluntarily removed herself from the labor pool." There is no dispute as to these facts. The decision by the Deputy Commissioner and the majority of the Full Commission is an interpretation of a matter of law and is fully reviewable by the Court of Appeals.
There are two questions in this case, (1) was plaintiff's failure to report to work in November 1997 justified and (2) even if it was not did plaintiff's "continuance" in such refusal "cease" in April 1998? The uncontroverted evidence compels that both legal issues be answered "Yes." The decision of the Deputy Commissioner and the majority should, therefore, be reversed.
This 18th day of March 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER