"The evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676, 509 S.E.2d 411
(1998).
Plaintiff, Helen Hill, is a 44 year old lady who has worked as a Certified Nursing Assistant for over 15 years. On June 26, 1998, Plaintiff injured her left shoulder while lifting a patient, Minnie Lawrence, to change her wet diaper. Plaintiff was told by co-worker CNAs that Ms. Lawrence would be changed after lunch since she needed 2 people to change her. Both co-workers went out for a cigarette break and were going to meet Plaintiff for lunch following their smoke. Plaintiff decided to change Ms. Lawrence by herself since she knew the patient was wet from not being changed all morning and she did not participate in the smoking break. Plaintiff testified that:
 While Plaintiff noted that the bed Ms. Lawrence was lying in was "low", she still felt the diaper change was manageable by one (1) CNA. Plaintiff testified that:
 her weight was surprising because I didn't know she was as contracted as she was. And I went to lift her up, and somehow — I don't know — she shifted or how it happened. Somehow when I lift her up — and my arm just — I lift her, and she was really heavy and contracted. And I just — it — my arm came out because of her surprising weight, I guess . . . I mean it dislocated. It just pulled it because she was heavy and so much contracted, and it was my first time doing her, and she didn't look as heavy as she was when I tried to change her.
Plaintiff had never lifted Ms. Lawrence before and was not familiar with her health and physical condition before June 26, 1998. Plaintiff screamed when her left shoulder dislocated from Ms. Lawrence's unexpected weight. Cindy Myers, one of the CNAs on cigarette break, came to Ms. Lawrence's room and finished the diaper change. Ms. Myers testified that Plaintiff asked her for help in getting her arm back in joint immediately after the accident. Plaintiff told Ms. Myers that she would have to go to the emergency room if she waited too long to treat her dislocated shoulder. While Ms. Myers had successfully changed Ms. Lawrence in the past without incident, she did agree that each patient is handled in a different manner that is predictable the more each individual patient is dealt with.
A June 26, 1998 accident report filed by Plaintiff's supervisor, Caren Hutchinson, put the exact time of the injury at 11:15AM. Janie Canton, LPN and current quality care coordinator with Defendant-Employer, confirmed that the employer policy required two (2) nurses to lift a patient in Ms. Lawrence's state of health.
The facts "viewed in the light most favorable to plaintiff" as required by Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111
(1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676,509 S.E.2d 411 (1998), show an unusual occurrence that produced unexpected results and the resulting injury is by definition an injury by accident growing out of the course and scope of employment.
Plaintiff is entitled to workers compensation benefits under our law.
This 26th day of March 2002.
 S/_____________________________ THOMAS J. BOLCH COMMISSIONER