"The evidence tending to support plaintiffs claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Doggett v. South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. A VX Corp., 349 N.C. 676, 509 S.E.2d 411
(1998).
The majority finds, "Dr. Martin's notes, his testimony, and his response to the questionnaire are equivocal, and the Full Commission does not find that they prove plaintiff's claim by the greater weight." The majority is mistaken. A fair reading of those items shows he is not equivocal in his finding that plaintiff's work with defendant Safelite Glass Corporation at least "proximately augmented the disease to any extent, however slight." Cain v. Guyton, 79 N.C. App. 696, 340 S.E.2d 501,affd, 318 N.C. 410, 348 S.E.2d 595 (1986). Plaintiff is entitled to recover because she has proven last injurious exposure.
The majority finds that plaintiff's left arm was hurting at the end of her shift on January 22, 1998, after she had been assigned to unload glass for two hours. That night plaintiff's arm began to swell. She was treated by several physicians over the course of the next several months. Dr. Robert C. Martin, MD, an orthopedic surgeon, performed arthroscopic surgery on her left elbow on November 19, 1998 as well as a partial synovectomy and a removal of a small loose body in her joint.
Dr. Martin testified that it is not always completely clear when you find loose bodies in joints where they came from, but it generally implies that there has been some injury to the joint. Occasionally, sometimes, joints that have been injured may spontaneously form loose bodies, which are basically fiber cartilaginous fragments. This type of injury can result from overuse of the joint, as frequently occurs in workers on production lines.
Prior to her employment with Safelite Glass, plaintiff worked for Dixie Yarn for several months. Prior to Dixie Yarn, plaintiff worked for Perdue for 14 years as a chicken "shoulder cutter." While her elbow injury may well have occurred during former employment over a period of time and as an occupational disease rather than injury by accident, the fact that the disease had its etiology in earlier employment is not determinative under our Workers' Compensation Act. If her present employment augmented her disease to any extent, however, slight, she is entitled to recover any resulting disability and medical expense from her present employer where she suffered her last injurious exposure.
Plaintiff first saw Dr. Martin on October 8, 1998, presenting elbow pain in, her left elbow. The pain was primarily in the lateral aspect of the elbow. She had had the pain for about six weeks. He performed arthroscopic surgery on her left elbow on November 19, 1998, where he found that she had an area of wear on the cartilage surface of her capitellum (a portion of the elbow joint), and she had inflammation of the joint lining in the lateral aspect of her elbow.
Dr. Martin was asked whether the job requirements of the plaintiff's job significantly contributed to the development of her condition. His answer, "May have" might have seemed equivocal to the majority but the next question to him was: "What exactly do you mean by that?" His response showed that he was not equivocal at all with respect to whether the job significantly contributed to the development of plaintiff's condition but answered "may have" because he was relying entirely on patient history and had no first-hand knowledge with respect to plaintiff's job. It is almost universally the case that physicians do not make plant studies but rely instead on job descriptions given them by their patient or by the patient's employer. He, in effect, testified that if plaintiff's history was essentially correct, the job most likely did significantly contribute to the development of the condition for which he treated plaintiff.
"Significantly contributed to the development of her condition" is a far higher standard than "proximately augmented the disease to any extent, however slight" and since the only medical testimony in this case was to the effect that plaintiff's job with Safelite more likely than not significantly contributed to the development of her condition, it may reasonably be inferred that her job proximately augmented the disease to any extent, however slight.
The majority's findings that plaintiff did not state how often she used her arms or how often she flexed her elbow and that no testimony was elicited as to the number of pieces of glass plaintiff worked with each day is not relevant when the issue is last injurious exposure instead of initial causation. Nor is the finding that "Nothing unusual was reported by plaintiff in her work duties on 22 January 1998" relevant to the issue of last injurious exposure. It may be relevant to cases of injury by accident. However, this is an occupational disease case, in which "accident" is not relevant.
Taken in the light most favorable to all parties, the evidence would support findings that plaintiff's elbow condition began while she was working on the chicken line at Perdue, was asymptomatic then, and was augmented while working for Safelite to such an extent that it became symptomatic.
The job history given by plaintiff to Dr. Martin was essentially the same as plaintiff's job description provided by Safelite. Based upon an accurate job description, Dr. Martin testified to a reasonable degree of medical certainty that is it is possible that the job that Ms. Jones did could have contributed to the condition in her elbow.
"Exposure to a substance which can cause an occupational disease can be a last injurious exposure to the hazards of such disease under this section even if the exposure in question is so slight quantitatively that it could not in itself have produced the disease." Caulder v. Mills,314 N.C. 70, 331 S.E.2d 646 (1985).
"If the occupational exposure in question is such that it augments the disease process to any degree, however slight, the employer is liable."Gay v. J.P. Stevens Co., 79 N.C. App. 324, 339 S.E.2d 490 (1986).
"Last injuriously exposed" means an exposure which proximately augmented the disease to any extent, however slight. Cain v. Guyton,79 N.C. App. 696, 340 S.E.2d 501, affd, 318 N.C. 410, 348 S.E.2d 595
(1986).
Plaintiff proved a case of last injurious exposure and is entitled to recover disability benefits and medical compensation.
This 21st day of November 2002.
 S/_____________ THOMAS J. BOLCH COMMISSIONER