It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v.South Atl. Warehouse Co., 212 N.C. 599, 194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp., 349 N.C. 676,509 S.E.2d 411 (1998). In the present case, the majority erred in giving greater weight to the testimony of Dr. Derek L. Reinke, as opposed to Dr. George S. Edwards.
Dr. Edwards, an expert in orthopaedic surgery and a recognized specialist of treatment for hands and arms, diagnosed plaintiff with residual carpal tunnel syndrome and extensor tendonitis. Dr. Edwards testified that he assumed plaintiff's carpel tunnel syndrome may have been from the original elbow injury, and opined that the extensor tendonitis was probably related to the original elbow dislocation. Dr. Edwards stated that in his opinion, assuming plaintiff had no numbness in his fingers prior to injury, it is reasonable to find the carpel tunnel syndrome is related to plaintiff's original work-related injury.
Nonetheless, the majority assigned greater weight to the testimony of Dr. Reinke, who did not agree that plaintiff's carpal tunnel syndrome is causally related to the work-related injury. The majority chose to afford greater weight to the opinion of Dr. Reinke, as opposed to Dr. Edwards, because the majority believed Dr. Edwards' opinion was based on inaccurate facts and assumptions, and because plaintiff had treated for a length of time with Dr. Reinke, yet only saw Dr. Edwards for a one-time consultation. However, the majority has overlooked the fact that plaintiff was referred by Dr. Reinke to Dr. Edwards because Dr. Reinke was having difficulty in diagnosing plaintiff. And as to the majority's finding that Dr. Edwards' opinion was based on inaccurate facts and assumptions, there is insufficient evidence to support that Dr. Edwards was given inaccurate facts. Further, it is clear from the record that Dr. Edwards not only was provided with plaintiff's medical records, but also performed a physical examination of plaintiff before forming a diagnosis and rendering his opinion as to causation.
In cases such as the present matter, where the opinions of two distinguished treating physicians are at odds, the physician testimony that supports plaintiff's position should be given greater weight so as to ensure that the evidence is viewed in the light most favorable to plaintiff. Based upon the testimony of Dr. Edwards, and the supporting medical evidence of record, plaintiff should be awarded temporary total disability benefits and continuing medical treatment for the carpel tunnel syndrome and extensor tendonitis that he developed as a consequence of his work-related injury. For these reasons, I respectfully dissent.
This 14th day of October 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER