It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In the present case, the majority erred in rejecting plaintiff's testimony as to why she did not seek immediate treatment, and in failing to give greater weight to the testimony of James W. Markworth, M.D., plaintiff's treating orthopedic surgeon.
The evidence of record shows that plaintiff, while in the course and scope of her employment, was involved in a motor vehicle accident while returning from a management meeting in South Carolina on December 16, 1999. It is not disputed that the accident occurred while in the course and scope of plaintiff's employment; rather, defendants contend that plaintiff suffered no injury because she did not seek treatment for her accident-related back pain until months after the accident. The medical evidence shows that plaintiff, who was 32-weeks pregnant at the time of the accident, sought immediate treatment with her obstetrician, Britton E. Taylor, M.D.
Plaintiff reported back pain related to the accident to Dr. Taylor, who told her that it would be premature to seek treatment with an orthopedic surgeon because she could not have x-rays and could not take any medication, other than Tylenol, during her pregnancy. The majority questioned the credibility of plaintiff's testimony because Dr. Taylor, who did not testify in this matter, did not make any note of her back pain complaints in plaintiff's medical record. The undersigned disagrees with the majority's assessment of plaintiff's testimony. Based on Dr. Taylor's letter of October 18, 2001, regarding plaintiff's visit after the accident, it is clear that Dr. Taylor's examination of plaintiff was limited to assessing "obstetric injuries," chiefly, the condition of the fetus and plaintiff's ability to carry the fetus to term. Moreover, plaintiff's testimony that Dr. Taylor advised her to wait before seeking treatment for her back pain is supported by the testimony of Dr. Markworth, the orthopedic surgeon who treated plaintiff for such pain.
In his deposition testimony, Dr. Markworth confirmed that it was reasonable for plaintiff to delay seeking treatment for her accident-related back pain until after pregnancy. He stated that there is little he could have done for plaintiff during pregnancy, as he could not take x-rays. As to pain medication, Dr. Markworth stated that he would have referred plaintiff back to her obstetrician (who had already told plaintiff she could only take Tylenol) for medications. The majority noted that plaintiff waited until she had completed breastfeeding before seeking treatment for her back pain. Dr. Markworth found this delay to be reasonable because, although plaintiff could have had x-rays while breastfeeding, there is nothing he could have done for her pain. Dr. Markworth stated he could not have given medications to plaintiff while she breastfed because the medication would cross over into her milk and affect her infant. Dr. Taylor, upon treating plaintiff, prescribed Celebrex, an anti-inflammatory, for her back pain. He stated that he could not have prescribed Celebrex to plaintiff during her pregnancy or while breastfeeding. Thus, the undersigned finds it was reasonable and prudent of plaintiff to delay seeking treatment for her accident-related back pain until after she had delivered her baby and completed breastfeeding.
Dr. Markworth found that plaintiff had evidence of degenerative disc disease, and diagnosed her with mechanical back pain. An MRI revealed desiccation changes and bulging at L1 and L2 of plaintiff's spine, and disc herniations at L3-4, and L5-S1. Dr. Markworth testified that the condition for which he treated plaintiff was related to the motor vehicle accident because her symptoms began with the accident. The undersigned finds that plaintiff likely suffered from pre-existing degenerative disc disease, which was aggravated by the work-related accident she sustained on December 16, 1999.
Plaintiff was taken out of work on August 23, 2003, and has not worked since that date. Dr. Markworth testified that as of his last treatment of plaintiff prior to his deposition, plaintiff's inability to do her regular work as a bank employee had remained unchanged. Dr. Markworth opined that plaintiff is capable of some restricted work with no heavy lifting, carrying, or repeated bending and twisting. He further stated that even if plaintiff was to return to some employment, she might be an unreliable employee in that she would be dealing with pain, might have to lie down at times, and might have some function problems due to her pain medications.
Based on the evidence or record, the majority erred in failing to find that plaintiff sustained a work-related injury by accident. The majority should have given greater weight to the testimonies of plaintiff and her treating physician, Dr. Markworth, so as to ensure that the evidence is viewed in the light most favorable to plaintiff. Plaintiff should be awarded disability compensation and continuing medical treatment for her work-related injury. For these reasons, I respectfully dissent.
This 10th day of December 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER