It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In the present case, the majority erred in concluding that the Commission's approval on December 17, 2001, of the Form 26, Supplemental Agreement as to Payment of Compensation, ended the presumption of total disability when the evidence of record shows that a Form 28U, Employee's Request that Compensation be Reinstated After Unsuccessful Trial Return to Work, was certified by Dr. Samuel A. Sue Jr., plaintiff's treating orthopedic surgeon, on March 31, 2002.
The majority erred in finding that Dr. Sue signed the Form 28U in error, when his testimony and the evidence of record does not support this finding. Dr. Sue never testified that the 28U was signed in error; rather, he testified that he merely could not recall signing it, even though he was able authenticate his signature. In fact, Dr. Sue testified that plaintiff had ongoing back problems during the period in which the Form 28U was signed and dated. The undersigned notes that Dr. Sue has a busy practice, and finds it to be reasonable for Dr. Sue to forget the exact circumstances in which he signed the Form 28U. Moreover, the January 28, 2002, notes of Dr. Ramos, a physiatrist who practices with Dr. Sue, shows that plaintiff reported during a visit on that date problems with performing her work duties during her return to work.
The undersigned finds that plaintiff sustained an admittedly compensable injury by accident as a result of a specific traumatic incident on May 2, 2001. N.C. Gen. Stat. § 97-2(6). Base upon the approved Form 21 agreement and subsequent approved Form 26 agreement, plaintiff is entitled to a presumption of ongoing disability. Plaintiff returned to work on a trial return to work basis pursuant to N.C. Gen. Stat. § 97-32.1 and Rule 404A. Defendant properly reinstated plaintiff's compensation when it received a properly completed Form 28U signed by Dr. Sue, plaintiff's treating physician, certifying that plaintiff was unable to continue working due in part to her compensable condition. As a result of her compensable back injury and the resulting stress and pain therefrom, plaintiff developed a psychological condition, likely somatoform disorder. This psychological condition is a natural and proximate result of plaintiff's underlying compensable back injury. Thus, plaintiff's psychological condition is also compensable. The undersigned finds that plaintiff remains temporarily totally disabled as a result of a combination of physical and psychological conditions, as certified by the Form 28U signed by plaintiff's authorized treating physician.
The majority has erred in failing to view the evidence of record in the light most favorable to plaintiff by finding the Form 28U was signed by Dr. Sue in error. Greater weight should be given to the signature of Dr. Sue on the Form 28U, in which he specifically attested: "This is to certify that the employee is unable to continue the trial return to work due to the employee's injury for which compensation has been paid." Dr. Sue certified that plaintiff was unable to continue with the trial return, and plaintiff should not be penalized at this juncture because Dr. Sue has a poor memory and did not take adequate notes at the time he signed and certified the Form 28U. Dr. Sue's testimony that plaintiff continued to have back problems during the period in which the Form 28U was signed and dated is sufficient evidence to support the legitimacy of his certification of the Form 28U. Thus, plaintiff should be awarded continuing temporary total disability benefits, as well as continued medical compensation. For these reasons, I respectfully dissent.
This 30th day of December 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER