It is well settled that "the evidence tending to support plaintiff's claim is to be viewed in the light most favorable to plaintiff, and plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Doggett v. South Atl. Warehouse Co., 212 N.C. 599,194 S.E. 111 (1937), cited with approval in Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In the present case, the majority erred in concluding that plaintiff had not proven that he sustained a compensable injury by accident when he failed to relate the work-related incident that he sustained on July 11, 2002, during the initial treatment for his injury.
Plaintiff testified that on July 11, 2002, he struck his elbow on a steel support while in the course and scope of his employment, which caused an immediate tingling sensation. Thereafter, plaintiff experienced pain in his elbow, accompanied by swelling and bruising. Plaintiff sought treatment for his continued elbow pain on July 19, 2002, with a physician assistant, Robbie Locklear-Zoll. There is some confusion in the record over whether or not plaintiff reported the work-related incident of July 11, 2002, to Ms. Locklear-Zoll at that time. Although her original notation does not include a report of the work-related injury, an addendum was added stating that plaintiff recalled an injury where "he struck his elbow on a metal support while taking down a video wall." Ms. Locklear-Zoll testified that it was normal for a patient to be unable to immediately recall the origin of a particular injury. Plaintiff's testimony should not be discredited because he is a poor historian.
Further, the medical evidence of record supports plaintiff's testimony. Ms. Locklear-Zoll referred plaintiff to Dr. Lucas Van Tran for a nerve conduction study on July 19, 2002, the same day he initially sought treatment for his injury. The study revealed that plaintiff had left ulnar nerve neuropathy at the elbow. Dr. Van Tran noted that this neuropathy could be the result of a recent inadvertent compression or stretch. This diagnosis was later confirmed by Dr. Gilbert, an orthopaedic surgeon, who treated plaintiff. There is no medical evidence to show that plaintiff had any pre-existing ulnar nerve neuropathy, or evidence to show an idiopathic cause other than the work-related incident on July 11, 2002.
The majority has erred in failing to view the evidence of record in the light most favorable to plaintiff by concluding that plaintiff had not proven that he sustained a compensable injury by accident when he failed to relate the work-related incident that he sustained on July 11, 2002, during the initial treatment for his injury. Plaintiff's testimony is corroborated by the medical record, and should not be discredited because he is a poor historian. Thus, plaintiff should be awarded compensatory benefits. For these reasons, I respectfully dissent.
This 11th day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER