I respectfully dissent from the majority's decision to reverse Deputy Commissioner Garners Opinion and Award. Deputy Commissioner Garner denied plaintiffs claim because he did not judge plaintiff to be credible. I would affirm the decision of the Deputy Commissioner.
In the case at hand, plaintiff stated that she was working inside a truck cab when she was overcome by fumes. Plaintiff also stated that while she was working on her knees, she fainted and fell upward and backward, hitting her back against a metal bar. Although the evidence clearly shows that plaintiff fainted at work, plaintiff admitted that she was on her knees when she passed out. Therefore, if plaintiff was on her knees when she fell, any resulting injury would have been very minor. Plaintiffs description of an upward, backward fall was not credible, and the Deputy Commissioner determined that there was no injury to plaintiff as a result of her fainting. Additionally, plaintiff was suffering from the flu and was treated for a kidney infection following the alleged accident. Deputy Commissioner Garner found that plaintiffs health conditions contributed to her fainting, rather than the fumes in the building as plaintiff claims. Furthermore, plaintiff did not discuss her alleged fall with any of her treating physicians until approximately three months after the incident in question. While these factors do not necessarily refute plaintiffs version of the alleged injury by accident, given the uncertainties in this case I would defer to the Deputy Commissioners assessment of plaintiffs credibility based upon his observation of plaintiff and the other witnesses during the hearing at which the Deputy Commissioner presided.
In Adams v. AVX Corp. 349 N.C. 676, 509 S.E.2d 411
(1998), the North Carolina Supreme Court reaffirmed that the Full Commission is the ultimate judge of the credibility of the witnesses and the weight to be given to their testimony. I believe, however, that the Full Commission should be reluctant to reverse the credibility determination of one of the Commissions most senior deputies, absent extremely persuasive evidence that contradicts the ruling of the Deputy Commissioner. I do not believe such compelling evidence exists in the present case, and the majority gives no explanation for overturning the credibility determination by the Deputy Commissioner.
For the foregoing reasons, I must respectfully dissent from the majority in this case.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER