***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ledford. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. The employment relationship existed between Plaintiff and Defendant-employer at all relevant times.
3. The date of the Plaintiff's accident was April 14, 2000.
4. Plaintiff is making a claim for temporary total disability benefits and medical benefits.
5. The average weekly wage may be determined from wage transcripts.
6. A set of Plaintiff's medical records was submitted via stipulation.
7. The following additional exhibits were submitted via stipulation:
(a.) Form 22 (Exhibit 1);
(b.) I.C. Forms 33, 33R, and 61 (Exhibit 2);
(c.) Plaintiff's Recorded Statement (Exhibit 3);
(d.) Employee Performance Evaluations (Exhibit 4).
8. Subsequent to the evidentiary hearing, pursuant to the Order of the Deputy Commissioner, additional information concerning per diem payments to Plaintiff was received as evidence (with Defense counsel's cover letter of June 11, 2001).
9. Subsequent to the evidentiary hearing, the parties submitted a two-page letter dated Feb. 21, 2001 and signed by Dr. Michael R. Towarnicky on March 1, 2001 (with Plaintiff's counsel's letter of March 21, 2001).
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was fifty-five (55) years old. Plaintiff is a high school graduate and began working as an installer for defendant-employer in April 1997. As an installer, plaintiff's job duties included running cable, plugging it in, and wrapping wire. Plaintiff started this position working for wages of $9 per hour in April 1997 and had been promoted to lead man and was earning $16.92 per hour as of April 2000. In addition to his hourly wages, defendant-employer paid plaintiff's living expenses while away at a job site.
2. Plaintiff worked at job sites all over the country. Defendant-employer furnished plaintiff a Ford van and a gas credit card. Plaintiff's home was in Maysville, North Carolina, and he would sometimes travel home on weekends. Plaintiff was not compensated for travel time or considered on work duty when traveling between home and the job site.
3. The Form 22 Statement of Days Worked and Earnings of Injured Employee showed yearly earnings of $41,089.40, which would yield an average weekly wage of $790.18, and a compensation rate of $526.81. The per diem paid to plaintiff prior to the date of his automobile accident totaled $24,017, which yields an additional $461.86 per week. Plaintiff's resulting average weekly wage is $1,252.04, resulting in a compensation rate of $588, the maximum compensation rate available for the year 2000.
4. In early April 2000, plaintiff was working with a crew installing equipment in the Richmond, Virginia area. On this job, plaintiff was working a shift from 8:00 p.m. to 6:00 a.m. Plaintiff and another man, Ricky Schwartz, were the lead men on the project, and Mr. Schwartz had overall supervisory authority.
5. The Richmond project that plaintiff was working on had been hampered by sabotage when wires were intentionally cut and the project was temporarily shut down. The project was behind schedule and James Kelly, a regional manager, met with plaintiff and the other lead man, Mr. Schwartz, to map out plans to complete the project a few days prior to plaintiff's automobile accident on April 14, 2000.
6. Defendant-employer provided all tools necessary to complete a job. Both plaintiff and Mr. Schwartz had tools available in their company vans, including crimpers, at the Richmond job site. Plaintiff testified that he had only one crimper at the job site, while Mr. Schwartz, who generally had many various tools stored in his van, had a manual and hydraulic crimper available at the job site.
7. Plaintiff testified that on or about April 14, 2000, he determined that the crew could make use of another manual crimper which was at his home in Maysville, North Carolina. Plaintiff testified that he decided to go home, a round trip drive of approximately eight hours, to retrieve his paycheck and this manual crimper immediately following his work shift which ended that morning at 6:00 a.m.
8. Plaintiff testified that he arrived home in Maysville later that day and retrieved the manual crimper from inside his house; however, plaintiff's paycheck was not waiting in his mailbox. Later on that afternoon, plaintiff left Maysville and was returning to Richmond, Virginia in his company van when he fell asleep at the wheel. The van flipped over, and plaintiff, who was not wearing his seat belt, was thrown out and sustained injuries. Plaintiff's fiancé, who was with him at the time, was wearing her seat belt and sustained a concussion.
9. Prior to leaving Richmond to travel to his Maysville home on April 14, 2000, plaintiff did not mention to any co-workers that he needed to go home to get a manual crimper. Plaintiff's testimony that it was absolutely necessary that he make an eight hour trip home to get an extra manual crimper is directly contradicted by evidence that Mr. Schwartz had a manual crimper in his van available at the job site and the fact that plaintiff had been advised many times of defendant-employer's policy that if additional tools were needed, they could be purchased in the Richmond area or shipped via Federal Express by defendant-employer. The greater weight of the competent evidence fails to support plaintiff's testimony that he made a round trip of eight hours duration for the purpose of picking up another manual crimper in light of the strict work schedule for job completion that had been imposed by plaintiff's supervisor, Mr. Kelly; the fact that another manual crimper was readily available in Mr. Schwartz's van or could easily be purchased locally at a relatively inexpensive cost of approximately $50.00; and evidence in the record that there were not enough workers present at the job site to need or utilize another manual crimper.
10. Plaintiff's other reason for traveling home on the morning of April 14, 2000 was to pick up his paycheck; however, plaintiff's testimony was contradicted by evidence that plaintiff's paycheck was sent to his hotel in Richmond as it had been the week prior, and not to his Maysville home. In light of the contradictory testimony and all circumstances surrounding plaintiff's receipt of his paycheck, the Full Commission does not find plaintiff's testimony believable regarding this matter.
11. The greater weight of the competent evidence fails to support plaintiff's testimony that the purpose of his April 14, 2000 trip to Maysville, North Carolina with an anticipated return to Richmond, Virginia by 8:00 p.m. to work his next shift was to either pick up a manual crimper for the benefit of his employer or to pick up his paycheck. In light of the fact that the Deputy Commissioner had the opportunity to view the witnesses and make reasonable inferences therefrom from their conduct and having considering all competent evidence of record, the Full Commission concludes that plaintiff traveled home to Maysville for some unknown personal reason.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
The greater weight of the evidence fails to establish that plaintiff's accident of April 14, 2000 arose of and in the course of his employment with defendant-employer. Therefore, plaintiff cannot recover for the injuries sustained in this accident. N.C.G.S. § 97-2(6). In reaching this conclusion, the Commission has made assessment of and findings regarding the credibility of plaintiff's testimony. Adams v. AVX Corp.,349 N.C. 676 (1998), rehearing denied, 350 N.C. App. 108 (1999).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and is hereby DENIED.
2. Each side shall bear its own costs.
This the ___ day of August 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER