DIAL v. COZY CORNER REST., INC.

[161 N.C. App. 694 (2003)]

PEARLINE DIAL, Employee, Plaintiff v. COZY CORNER RESTAURANT, INC.,
Employer, Defendant, NON-INSURED, Defendant

No. COA02-1606

(Filed 16 December 2003)

**Workers' Compensation— calculation of award—average weekly wage**

Although the Industrial Commission did not err in a workers' compensation case by granting temporary total and permanent partial compensation to plaintiff, the case is remanded for recalculation of the award because the Commission's determination of plaintiff's average weekly wage is not supported by competent evidence.

Appeal by defendants from Opinion and Award entered 19 September 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 10 September 2003.

*Huggins, Pounds & Davis, L.L.P., by Dallas M. Pounds, for plaintiff appellee.*

*Reid, Lewis, Deese, Nance & Person, by James R. Nance, Jr., for defendant appellant.*

TIMMONS-GOODSON, Judge.

Cozy Corner Restaurant, Inc. ("defendant") appeals an Opinion and Award entered 19 September 2002 by the North Carolina Industrial Commission ("the Full Commission") in favor of Pearline Dial ("plaintiff"). We affirm.

Plaintiff filed a worker's compensation claim alleging that she injured her right foot on 7 July 2000 when she struck it against the leg of a chair while working for defendant. Following the injury, plaintiff was treated at Pembroke Family Practice Center who referred her to Southeastern Orthopaedic Clinic where plaintiff was further treated by Dr. Staley T. Jackson. An x-ray revealed a fracture of the right fifth metatarsal with slight displacement of plaintiff's right foot. Dr. Jackson treated plaintiff from 13 July 2000 through 2 July 2001.

After plaintiff's injury, plaintiff informed defendant that she was unable to work because of her injury. Defendant told plaintiff that if she was unable to work, they would have to fill her position with someone else.

DIAL v. COZY CORNER REST., INC.

[161 N.C. App. 694 (2003)]

Plaintiff first brought this case before Deputy Commissioner Douglas E. Berger in Lumberton, North Carolina, on 17 September 2001. On 12 December 2001 Deputy Commissioner Berger issued an Opinion and Award wherein he concluded that plaintiff failed to show by the greater weight of evidence that she sustained an injury by accident arising out of and in the course of her employment with defendant. Accordingly, Deputy Commissioner Berger denied compensation to plaintiff.

Plaintiff appealed to the Full Commission. In an Opinion and Award filed 19 September 2002, the Full Commission reversed the Opinion and Award of Deputy Commissioner Berger and entered the following pertinent findings of fact:

3. On July 5, 2000 plaintiff was involved in a motor vehicle accident . . . as a result of the motor vehicle accident plaintiff described her knees as striking each other resulting in injury to her knees for which she received treatment . . . a notation was made [on plaintiff's medical record] by the nurse on duty that plaintiff received an ice pack to her right ankle; however, this notation was stricken through and a further notation was made that the notation had been entered onto the wrong chart.

4. On July 7, 2000 plaintiff was waitressing at the Cozy Corner when she attempted to maneuver between two tables to take the order of customers sitting at a third table. As she moved between the two tables plaintiff stood on her tip toes and struck her right foot on the leg of one of the chairs of the tables. Plaintiff felt sharp pain in her right foot and reported the incident immediately to the owner's son, Dwayne Cummings. Plaintiff's injury was an injury by accident within the course and scope of her employment and is compensable under the Workers Compensation Act.

5. Plaintiff continued to work the remainder of her shift but complained to several co-workers that she felt like she had broken her foot while trying to maneuver between the two tables. At the end of her shift she proceeded to Pembroke Family Practice Center for treatment of her right foot, giving a history of working at a local restaurant waiting tables when she accidentally caught that foot under a chair and twisted it.

6. Plaintiff was provided an ace wrap and pain medication and was sent to be x-rayed. She was then told to follow up with an orthopedic surgeon.

7. On July 13, 2000 plaintiff was seen by Dr. Staley T. Jackson of the Southeastern Orthopaedic Clinic. Plaintiff provided a history of twisting her right foot on July 7, 2000. Plaintiff's complaints at that time were pain on the outside of her foot and x-rays revealed a fracture of the right fifth metatarsal with slight displacement. Dr. Jackson applied a walking cast to plaintiff's foot/ankle. Plaintiff treated with Dr. Jackson from July 13, 2000 through July 2, 2001. During the course of plaintiff's treatment plaintiff was treated with pain medication, arch supports and other conservative measures.

8. Following her compensable injury of July 7, 2000 plaintiff contacted Cozy Corner and told them that she would be unable to work because of her compensable injury. Cozy Corner told her that they would have to fill her position. As of the date of the hearing before the Deputy Commissioner, plaintiff had remained unemployed since July 7, 2000.

9. Due to pain in the metatarsal area and ankle and inability to regain her range of motion, plaintiff did not reach maximum medical improvement and regain the ability to return to work until January 3, 2001. As a result of her compensable injury she sustained a 5% permanent partial impairment of the right foot.

10. The Full Commission finds plaintiff to be credible. The fact that her knees were injured in an automobile accident two days prior to her injury at Cozy Corner does not mean that her foot and ankle were not injured in the table incident. Neither does the fact that she was seen limping prior to the table incident, for she had hurt her knees two days earlier. The customer who said the injury was to plaintiff's left foot was mistaken: all of the corroborative medical evidence shows a right foot injury on July 7, 2000, not a left foot injury.

Based on these findings of fact, the Full Commission concluded as a matter of law as follows:

1. Plaintiff has shown by the greater weight of the evidence that she sustained an injury by accident arising out of and in the course of [her] employment with defendant on July 7, 2000. N.C. Gen. Stat. § 97-2(6).

2. Plaintiff is entitled to temporary total compensation at the rate of $99.00 per week from July 7, 2000 through January 3, 2001, the

period when she was unable to work because of her compensable injuries. N.C. Gen. Stat. § 97-29.

3. Plaintiff is entitled to permanent partial compensation at the rate of $99.00 per week for 7.5 weeks for the 5% rating to her right foot. N.C. Gen. Stat. § 97-31 (14).

4. With respect to her compensable injuries, plaintiff is entitled to medical treatments reasonably required to "effect a cure or give relief". [sic] Defendants shall pay medical providers for such treatment or, where appropriate, reimburse those who paid. N.C. Gen. Stat. § 97-25.

The Full Commission therefore awarded plaintiff temporary total compensation at the rate of $99.00 per week from 7 July 2000 through 3 January 2001 and permanent partial compensation at the rate of $99.00 per week for 7.5 weeks for a 5% permanent partial impairment rating of her right foot. Defendant appeals the Opinion and Award of the Full Commission.

---

The dispositive issue on appeal is whether the Full Commission's findings of fact are supported by the evidence and whether the findings of fact in turn support the conclusions of law. Specifically, defendant assigns error to four findings of fact and all the conclusions of law. For the reasons stated herein, we affirm in part, and remand in part the Opinion and Award of the Full Commission.

On appeal of a worker's compensation decision, this Court is limited to reviewing whether the findings of fact are supported by competent evidence and whether the findings of fact support the Full Commission's conclusions of law. *See Walker v. Lake Rim Lawn & Garden*, 155 N.C. App. 709, 713, 575 S.E.2d 764, 767, *disc. reviewed denied*, 357 N.C. 67, 579 S.E.2d 577 (2003). This Court does not have the authority to weigh the evidence and decide an issue on the basis of its weight. *Id.* "The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Id.* (citations omitted). The evidence tending to support the plaintiff's claim must be taken in the light most favorable to the plaintiff, and the plaintiff "is entitled to the benefit of every reasonable inference to be drawn from the evidence." *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *rehearing denied*, 350 N.C. 108, 532 S.E.2d 522 (1999). If there is competent evidence to support the finding of fact, the finding of fact must stand, even if there is evidence to the contrary. *Id.*

Defendant assigns error to the following findings of fact:

3. On July 5, 2000 plaintiff was involved in a motor vehicle accident . . . as a result of the motor vehicle accident plaintiff described her knees as striking each other resulting in injury to her knees for which she received treatment . . . a notation was made [on plaintiff's medical record] by the nurse on duty that plaintiff received an ice pack to her right ankle; however, this notation was stricken through and a further notation was made that the notation had been entered onto the wrong chart.

4. On July 7, 2000 plaintiff was waitressing at the Cozy Corner when she attempted to maneuver between two tables to take the order of customers sitting at a third table. As she moved between the two tables plaintiff stood on her tip toes and struck her right foot on the leg of one of the chairs of the tables. Plaintiff felt sharp pain in her right foot and reported the incident immediately to the owner's son, Dwayne Cummings. Plaintiff's injury was an injury by accident within the course and scope of her employment and is compensable under the Workers Compensation Act.

. . . .

9. Due to pain in the metatarsal area and ankle and inability to regain her range of motion, plaintiff did not reach maximum medical improvement and regain the ability to return to work until January 3, 2001. As a result of her compensable injury she sustained a 5% permanent partial impairment of the right foot.

10. The Full Commission finds plaintiff to be credible. The fact that her knees were injured in an automobile accident two days prior to her injury at Cozy Corner does not mean that her foot and ankle were not injured in the table incident. Neither does the fact that she was seen limping prior to the table incident, for she had hurt her knees two days earlier. The customer who said the injury was to plaintiff's left foot was mistaken: all of the corroborative medical evidence shows a right foot injury on July 7, 2000, not a left foot injury.

Competent evidence supports the findings of fact above listed. The four findings of fact are supported by plaintiff's testimony and the medical records included within the record on appeal. The record contains hospital records from both accidents and progress notes from Pembroke Family Practice Center regarding plaintiff's foot injury. Furthermore, the record includes a letter written by plaintiff's

treating physician, Dr. Staley T. Jackson, indicating that plaintiff sustained 5% permanent partial impairment of her right foot and did not reach maximum medical improvement until 3 January 2001. Thus, there is competent evidence in the record to support the above findings of fact.

Defendant's primary arguments against the Full Commission's findings of fact assert that the Full Commission failed to take into consideration plaintiff's noncompliance with her treatment regime in determining her award, and secondly, that the Full Commission erred when it found that plaintiff was a credible witness. The Full Commission did not make any findings of plaintiff's alleged non-compliance, and to the contrary, determined that plaintiff was a credible witness with a compensable injury.

At best, both of defendant's arguments attack the credibility determinations made by the Full Commission. We note that the Full Commission may reject all or any part of any witness' testimony. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 684 (1982). The Full Commission is in the best position to weigh the evidence and therefore does not need to explain its credibility determinations to this Court. *See Walker*, 155 N.C. App. at 713, 575 S.E.2d at 767. We hold that the findings of fact disputed by defendant are indeed supported by competent evidence.

Defendant next argues that the Full Commission's conclusions of law are not supported by the evidence. However, defendant's brief does not forward any discussion of the first, third, or fourth conclusions of law. Thus, the assignment of error as to these three conclusions of law are deemed abandoned. N.C.R. App. P. 28(a).

The Full Commission's second conclusion of law determined that plaintiff is entitled to temporary total compensation of $99.00 a week from the date of injury until 3 January 2001. This conclusion of law is based on a finding of fact that plaintiff's average weekly wage is $148.50, which yields her $99.00.

The Full Commission found as fact that plaintiff worked an average of 13.5 hours a week at a rate of $5.00 an hour with tips ranging from $5.00 to $7.00 a day. It is unclear how the Full Commission used these hours, rates and tips to find that plaintiff's average weekly wage was $148.50. At $5.00 an hour for 13.5 hours a week, plaintiff would earn $67.50 weekly plus tips. The trial court found that plaintiff worked between 4 and 5 days a week. If the trial court calculated

plaintiff's wage using the highest day and tip calculation, five days a week at $7.00 in tips, plaintiff's weekly income is $102.50, not $148.50.

As plaintiff admits in her brief that she "waives argument with regard to this issue," we do not benefit from her argument in support of the trial court's calculation. Accordingly, plaintiff's average weekly wage as determined by the Full Commission is not supported by competent evidence.

For the reasons set forth above, we affirm the decision of the Full Commission granting compensation to plaintiff, but remand for recalculation of the award.

Affirm in part, remand in part.

Judges HUDSON and ELMORE concur.