***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Griffin and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms the Opinion and Award of Deputy Commissioner Griffin and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. An employee-employer relationship existed between the parties on August 1, 2006, and February 2, 2008.
4. The employer in this case is North Carolina A T University and is self-insured. Key Risk Management Services was the third-party administrator.
5. The employee's average weekly wage at the time of his August 1, 2006, injury will be determined from an Industrial Commission Form 22 Wage Chart to be provided by Defendant at the time of the hearing.
6. The employee's average weekly wage at the time of his alleged February 2, 2008, injury was $605.76, lending to a compensation rate of $403.86.
7. The employee was paid the entire day of his alleged February 2, 2008, injury.
8. The employee is still currently employed with Defendant-Employer.
 ***********
The following were submitted to the Deputy Commissioner and entered into evidence as:
 EXHIBITS
1. Stipulated Exhibit Number 1, Pre-Trial Agreement
2. Stipulated Exhibit Number 2, Industrial Commission Forms, Medical Records and Plaintiff's Answers to Defendant's First Set of Interrogatories
 ***********
The following were received by the Deputy Commissioner and entered into evidence as: *Page 3 
 DEPOSITIONS
1. Oral deposition of Ernesto M. Botero, M.D., taken on August 6, 2009, with Exhibit Number 1 attached to the deposition transcript.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 53 years old. Plaintiff is educated to the 12th grade and has a Barber's certification.
2. In October of 1989, Plaintiff began employment with North Carolina A T University as a housekeeping supervisor. The position oversees the safety and cleanliness of 15 buildings. Occasionally he was required to perform general maintenance duties.
3. On August 1, 2006, Plaintiff sustained an injury by accident arising out of and in the course of his employment when a wet vac fell on him injuring his left arm and shoulder. Plaintiff treated at Prime Care on 3 occasions for the August 1, 2006, injury.
4. Plaintiff began to have pain in his left arm, neck, and shoulder in the middle of 2007. As a result of his pain, he sought treatment with Dr. Ernesto Botero, a neurosurgeon, on August 28, 2007. Plaintiff informed Dr. Botero that his symptoms developed after he was pushing some bleachers at work. Dr. Botero diagnosed Plaintiff with degenerative disk disease and recommended conservative treatment.
5. On September 17, 2007, Plaintiff followed up with Dr. Botero, who recommended a 2-level anterior cervical fusion at C5-C7. Plaintiff declined to proceed with the surgery at that time. *Page 4 
6. Plaintiff continued working in his Housekeeping Supervisor position following his August 1, 2006, injury. On January 24, 2008, Plaintiff contacted the adjuster in his claim requesting authorization for the 2-level fusion recommended by Dr. Botero. The carrier denied authorization of the surgery.
7. On February 2, 2008, Plaintiff testified that he was pulling out a set of bleachers when the bleachers jerked back. Plaintiff immediately experienced pain in his neck and left arm. Plaintiff's supervisor, Millicent Hopkins, confirmed that the bleachers would occasionally jerk back because they were old and needed repairs. The jerking of the bleachers did not occur on a regular basis.
8. On February 3, 2008, Plaintiff completed a Supervisor's Accident Report Form where he described experiencing pain in the neck and shoulder while pulling out bleachers by hand. He also recommended that the bleachers be replaced or repaired.
9. On February 4, 2008, Plaintiff sought treatment at Prime Care, where he reported neck and shoulder pain after pulling a bleacher at work. He was provided work restrictions.
10. On April 14, 2008, Plaintiff sought treatment with Dr. Botero with complaints of severe neck pain. Plaintiff did not report developing the symptoms after pulling out a set of bleachers which had jerked back. Dr. Botero noted that Plaintiff was clinically worse since he last examined him in September of 2007. Dr. Botero recommended an updated MRI of the cervical area. On May 16, 2008, Plaintiff expressed that he was ready to proceed with the cervical decompression recommended by Dr. Botero.
11. Dr. Botero opined that the February 2, 2008, bleacher pulling incident significantly increased Plaintiff's neck and shoulder pain, which accelerated the need for the cervical *Page 5 
decompression surgery. Dr. Botero did not express an opinion as to whether Plaintiff's need for surgery was causally related to the August 1, 2006, compensable injury.
12. On January 24, 2008, Plaintiff contacted the adjuster in his claim requesting authorization for the 2-level fusion recommended by Dr. Botero, which was denied by the carrier. Subsequently, on February 2, 2008, Plaintiff reported an accident at work while pulling bleachers at the gym, which caused pain and symptoms in the same area of the requested surgery. In assessing the credibility of Plaintiff's testimony, in light of the all the competent evidence of record, the Full Commission finds Plaintiff's testimony regarding the February 2, 2008, bleacher incident not credible. The greater weight of the evidence establishes that Plaintiff did not suffer an injury by accident on February 2, 2008.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission is the sole judge of the credibility of witnesses. Adams v. AVX Corp.,349 N.C. 676, 509 S.E.2d 411 (1998). In this case, Plaintiff's testimony is not deemed credible in light of all the competent evidence of record.
2. Plaintiff failed to prove, by the greater weight of the evidence, that he sustained a compensable injury by accident while at work on February 2, 2008. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD *Page 6 
1. Plaintiff's claim for additional benefits under the Act is DENIED.
2. Each party shall bear their costs.
This the 1st day of July, 2010.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1